UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHADWICK MULLINS,

    Plaintiff,

v.                                                                    CASE NO. 3:16-cv-37-J-34JBT

EZCORP, INC., etc.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court *sua sponte*. For the reasons set forth herein, the undersigned respectfully **RECOMMENDS** that this action be **DISMISSED without prejudice** for failure to prosecute.[2]

On July 22, 2016, Daniel J. Glary, Esq. moved to withdraw as counsel for Plaintiff. The Motion to Withdraw ("Motion") (Doc. 11) stated that, since moving

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

[2] The applicable statute of limitations for Plaintiff's single claim brought pursuant to the Family and Medical Leave Act ("FMLA") is generally "2 years after the date of the last event constituting the alleged violation," which allegedly occurred on June 29, 2015. (Doc. 1 at 3.) *See* 29 U.S.C. § 2617(c)(1).

from St. Augustine, Florida to Raleigh, North Carolina on May 13, 2016, "Plaintiff has failed to cooperate with the undersigned in the prosecution of this action." (*Id.* at 1–2.) Specifically, the Motion stated that Plaintiff had failed to provide Mr. Glary with discovery materials despite multiple requests to do so, and failed to speak with Mr. Glary regarding the same on July 8, 2016 despite being informed that failure to do so would result in the filing of the Motion. (*Id.* at 2.) Mr. Glary believed that "Plaintiff has lost interest in the prosecution of this action since moving to North Carolina." (*Id.*)

On August 17, 2016, the Court entered an Order taking the Motion under advisement and directing Plaintiff to respond to the Order, on or before September 7, 2016, and state "whether or not he opposes [the Motion]. If he does not oppose the Motion, he shall state whether he intends to obtain substitute counsel, prosecute the case himself without counsel, or allow dismissal of the case." (Doc. 12 at 2.) Although Mr. Glary provided Plaintiff with a check-box form to assist him in responding to this Order, Plaintiff failed to respond and the Court entered an additional Order directing Mr. Glary to file a notice stating whether he had communicated with Plaintiff. (Doc. 14.) Mr. Glary stated that he sent the check-box form to Plaintiff again and had communicated with Plaintiff's wife, but had not communicated directly with Plaintiff. (Doc. 15.)

On September 26, 2016, Plaintiff's response was filed which indicated that he did not oppose the Motion, and that he intended to obtain substitute counsel.

2

(Doc. 16.) On September 29, 2016, the Court entered an Order granting the Motion and allowing Mr. Glary to withdraw. This Order stated in part:

> **On or before October 31, 2016**, Plaintiff shall either have his successor counsel file a notice of appearance or, if no successor counsel is retained by that date, Plaintiff shall file a motion for extension of time to retain successor counsel. **Failure to comply with this Order will likely result in a recommendation to the District Judge that this action be dismissed without prejudice for failure to prosecute.**

(Doc. 17 at 3.) (footnote omitted).[3]

To date, nothing has been filed by or on behalf of Plaintiff. Moreover, it appears from the Motion that Plaintiff has taken no action to prosecute this case since moving from St. Augustine, Florida to Raleigh, North Carolina on May 13, 2016. Although he has indicated an intent to obtain substitute counsel, he has not done so, nor has he requested an extension of time. In short, as noted by Mr. Glary, it appears that Plaintiff has lost interest in the prosecution of this action since moving to North Carolina.

Accordingly, it is respectfully **RECOMMENDED** that:

1. This case be **DISMISSED without prejudice** for failure to prosecute pursuant to Local Rule 3.10(a).

---

[3] Although the Clerk of Court was directed to provide copies of that Order to Plaintiff by U.S. Mail and email, it does not appear that the Order was emailed to Plaintiff. However, it was mailed to Plaintiff, and there is no indication that he did not receive it. Out of an abundance of caution, the Clerk of Court will be directed to provide copies of this Report and Recommendation to Plaintiff by both U.S. Mail and email.

2.      The Clerk of Court be directed to terminate any pending motions and close the file.

3.      The Clerk of Court is directed to provide copies of this Report and Recommendation to Plaintiff **by U.S. mail and email** using the contact information below.

**DONE AND ENTERED** at Jacksonville, Florida, on November 15, 2016.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record

Chadwick Mullins
7108 Sandy Grass Court
Raleigh, NC 27610
Chadwick.Mullins@Yahoo.com

4